**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 19 1999**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

TIMOTHY JOHN GREENE,

      Plaintiff - Appellant,

    v.

PATRICK C. BARRETT, in his
official capacity as Sheriff of Laramie
County, Wyoming, and in his
individual capacity,

      Defendant - Appellee.

No. 98-8048

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**
**(D. Ct. No. 97-CV-004-J)**

---

Mitchell E. Osborn, Grant & Osborn, Cheyenne, Wyoming, appearing for
Plaintiff-Appellant.

Terry L. Armitage, Cheyenne, Wyoming, appearing for Defendant-Appellee.

---

Before **PORFILIO**, **McKAY**, and **TACHA**, Circuit Judges.

---

**TACHA**, Circuit Judge.

---

      Plaintiff-Appellant Timothy John Greene, a deputy sheriff of Laramie

County, Wyoming, brought this civil rights action under 42 U.S.C. § 1983,

claiming that defendant reduced his rank without due process of law. The district court granted summary judgment in favor of defendant on the ground that he was entitled to qualified immunity. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Immediately prior to the events giving rise to this action, Mr. Greene held the position of Administrative Lieutenant with the Laramie County Sheriff's Department. On January 3, 1995, just days after Mr. Barrett took office as sheriff, Mr. Greene received a letter from defendant stating that he was being "reassigned," without a right of review, to a new position with a reduced rank of sergeant. Mr. Barrett did not, however, discharge plaintiff from employment, and Mr. Greene continues to work for the Laramie County Sheriff's Department.

Mr. Barrett asserts that the employment action taken with respect to Mr. Greene was part of a reorganization prompted by a consulting firm study completed shortly before he took office. Laramie County retained the consulting firm, Personnel Concepts, Inc., to review its efficiency and to recommend revisions to the county's governmental structure and staffing. The sheriff's department had four lieutenant positions, each involving different responsibilities. Personnel Concepts recommended elimination of two lieutenant positions, including plaintiff's. Prior to implementing the recommendation, Mr. Barrett sought legal advice from the Laramie County Attorney's Office and the Wyoming

Attorney General's Office regarding the legality of the reorganization plan.

Mr. Greene, on the other hand, presents a far different impression of the events in the case. Before Mr. Barrett was elected sheriff, he held a position subordinate to Mr. Greene. Mr. Greene claims that during the years preceding defendant's election, relations between them became strained. This rift was exacerbated when Mr. Greene chose to support an opposing candidate in the 1994 sheriff election. Mr. Greene also asserts that Mr. Barrett openly promised to take adverse action against him if elected. Thus, according to plaintiff, the "reorganization" constituted a subterfuge for defendant's primary objective of retaliating against him and forcing him out of the sheriff's department.

On January 3, 1997, Mr. Greene brought a § 1983 action against the defendant, claiming that defendant reduced his rank in violation of the Fourteenth Amendment. Mr. Barrett moved for summary judgment, arguing that he was entitled to qualified immunity. The district court granted defendant's motion. This appeal followed.

**Standard of Review**

We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court. See Byers v. City of Albuquerque 150 F.3d 1271, 1274 (10th Cir. 1998). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When applying this standard, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party. See Byers, 150 F.3d at 174. If there is no genuine issue of material fact in dispute, we determine whether the district court correctly applied the substantive law. See Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996).

## I.

The Fourteenth Amendment protects individuals from deprivations of "life, liberty, or property, without due process of law." U.S. Const. amend. XIV. Mr. Greene contends that defendant deprived him of a property interest without sufficient process.[1] This court engages in a two-step inquiry to determine if a plaintiff has been denied procedural due process. First, we determine whether the individual had a protected interest under the Due Process Clause. See, e.g., Watson v. University of Utah Med. Ctr., 75 F.3d 569, 577 (10th Cir. 1996). If so, we examine whether he or she received an appropriate level of process. See id.

---

[1]The Due Process Clause has two components: procedural due process and substantive due process. See Archuleta v. Colorado Dep't of Insts., Div. of Youth Servs., 936 F.2d 483, 490 (10th Cir. 1991). Plaintiff makes only a procedural due process claim.

Plaintiff argues that under Wyo. Stat. Ann. § 18-3-611, he had a protected property interest in continued employment at his rank of lieutenant. We agree. "Property interests . . . are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules and understandings that stem from an independent source such as state law . . . that secure certain benefits and that support claims of entitlement to those benefits." Board of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972); accord Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538 (1985); Driggins v. City of Oklahoma City, 954 F.2d 1511, 1513 (10th Cir. 1992). In order to create a property interest, the state statute or regulation must give the recipient "a legitimate claim of entitlement to [the benefit]," in this case, the benefit of continued employment at a particular rank. Roth, 408 U.S. at 577. Detailed procedures in a state statute or regulation are not, by themselves, sufficient to create a property interest. See Hennigh v. City of Shawnee, 155 F.3d 1249, 1254 (10th Cir. 1998); Stiesberg v. California, 80 F.3d 353, 357 (9th Cir. 1996). However, we recently held that a state statute or regulation can create a protected property interest in a particular employment status or rank if it "places substantive restrictions on the discretion to demote an employee, such as providing that discipline may only be imposed for cause."

Hennigh, 155 F.3d at 1254;[2] cf. Anglemyer v. Hamilton County Hosp., 58 F.3d 533, 539 (10th Cir. 1995) (stating that a statutory provision or contract qualifying an employer's discretion to reassign or transfer the employee may create a property interest in employee's position); Melton v. City of Oklahoma City, 879 F.2d 706, 719 (10th Cir. 1989) (finding a property interest in police officer's retired status because state statute and the city's operation manual provided benefits to retired officers).  In Hennigh, we found that a collective bargaining agreement entered into pursuant to state law gave the plaintiff, a police lieutenant, a property right in his rank with the police department.  See 155 F.3d at 1255. We face an analogous situation here.

Under Wyoming law, "[a] deputy sheriff shall not be discharged, *reduced in rank* or suspended without pay *except for cause* and after notice and opportunity for a hearing."  Wyo. Stat. Ann. § 18-3-611(b) (emphasis added).[3]  Thus, § 18-3-

---

[2]This conclusion is in accord with that of other circuits.  See, e.g., Kelly v. Borough of Sayreville, 107 F.3d 1073, 1077 (3d Cir. 1997) (finding that New Jersey law preventing reduction in rank except for just cause undoubtedly created a property interest in police officer's position); Williams v. Kentucky, 24 F.3d 1526, 1537-38 (6th Cir. 1994) (finding a Kentucky  statute that prevented demotion except for cause created a property interest in higher-ranking job); Sowers v. City of Fort Wayne, 737 F.2d 622, 624 (7th Cir. 1984) (holding that state statute and local ordinance created a property interest which "entitle a fire fighter not only to continued employment, but to hold his rank unless and until the Board [of Public Safety], after a hearing, finds cause other than politics for his demotion").

[3] We note that § 18-3-611 only applies to sheriff's departments that have at least twenty sworn, nonprobationary, full-time deputy sheriffs.  See id. § 18-3-

611(b) imposes a substantive limitation on a sheriff's discretion to reduce the rank of a deputy sheriff. Moreover, this limitation is unaffected in this case by the three exceptions to the otherwise unqualified language of § 18-3-611(b). First, § 18-3-611(c) states that "a deputy sheriff accused of a matter for which the sheriff may discharge him may be suspended with pay for a reasonable length of time necessary to investigate and take final action on the matter." This first exception does not apply because this case does not involve a disciplinary matter. Section 18-3-611(d), which states that "[a] sheriff may in his discretion reduce in rank a member of the executive staff but shall not terminate him without cause," is also inapplicable. Plaintiff contends that he is not a member of the executive staff as defined by § 18-3-611(a), and the defendant does not dispute this fact. The final exception, contained in § 18-3-611(e), applies to office reorganizations and states: "This section does not prohibit or restrict *discharges from employment*, in order of lowest ranking deputies first, for the purposes of reorganization of the sheriff's office or for the reason of lack of funds." Id. § 18-3-611(e) (emphasis added). While § 18-3-611(e) clearly applies to office reorganizations such as the one at issue here, the provision speaks only to discharges, not reductions in rank. Thus, we find this final exception also

611(a). No party raised the issue of whether this threshold requirement was met at the time plaintiff was reassigned. Indeed, all the parties and the court below assumed the applicability of the statute. Therefore, we do the same.

inapplicable.

Because defendant's action in reducing plaintiff's rank comes squarely under § 18-3-611(b) and does not fit one of the statute's qualifications, plaintiff has shown that he had a legitimate expectation of continued employment at his rank of lieutenant. Consequently, we find that Wyoming law creates a property interest in the plaintiff's rank.

Having found that Mr. Greene had a property interest in his rank under the Due Process Clause, we turn our attention to whether defendant afforded plaintiff a sufficient amount of process prior to reducing plaintiff's rank. We easily conclude this inquiry here because plaintiff was deprived of his property interest without cause[4] and absent any process. The record indicates that plaintiff received no hearing before his reduction in rank. Indeed, Mr. Barrett notified Mr. Greene that he would have no right of review of the decision even after the reassignment had taken effect. Whatever level of process was required in this situation under the Due Process Clause, plaintiff clearly did not receive it. Therefore, Mr. Greene has established that he was deprived of his property interest in his rank without due process of law in violation of the Fourteenth

---

[4] "Cause" for the purpose of § 18-3-611 is defined as "a cause or justification which bears a reasonable relationship to the deputy sheriff's ability and fitness to perform and discharge the duties of his or her position." Lucero v. Mathews, 901 P.2d 1115, 1123 (Wyo. 1995).

Amendment.[5]

## II.

Defendant contends that even if plaintiff's procedural due process rights were violated, his defense of qualified immunity nonetheless entitles him to summary judgment. The qualified immunity doctrine "shields government officials performing discretionary functions from individual liability under 42 U.S.C. § 1983 unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Baptiste v. J.C. Penney Co., Inc., 147 F.3d 1252, 1255 (10th Cir. 1998) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). As recently stated by this court, the law grants government officials qualified immunity in such circumstances because

---

[5] To the extent that Mr. Greene also asserts on appeal that defendant infringed upon his liberty interest in his good name and reputation by wrongfully reducing his rank and making defamatory statements about him, his argument fails. "Damage to one's reputation alone . . . is not enough to implicate due process protections." Jensen v. Redevelopment Agency of Sandy City, 998 F.2d 1550, 1558 (10th Cir. 1993) (citing Paul v. Davis, 424 U.S. 693, 701 (1976)). Among other requirements, the alleged stigmatization must harm some other interest, such as established business relationships or existing employment opportunities. See Workman v. Jordan, 32 F.3d 475, 481 (10th Cir. 1994); Jensen, 998 F.2d at 1558-59. Mr. Greene provided no evidence supporting his claim that he has lost his ability to work in his chosen field. To the contrary, the parties concede that plaintiff not only continues to work for the Laramie County Sheriff's Department, he currently occupies a higher rank than he did prior to Mr. Barrett becoming sheriff. In sum, Mr. Greene fails to allege facts sufficient to establish that he has been deprived of a liberty interest in violation of the Due Process Clause.

"it is impossible to know whether the claim is well-founded until the case has been tried," and "to submit all officials, the innocent as well as the guilty, to the burden of a trial and to the inevitable danger of its outcome, would dampen the ardor of all but the most resolute, or the most irresponsible, in the unflinching discharge of their duties."

Horstkoetter v. Department of Pub. Safety, 159 F.3d 1265, 1277 (10th Cir. 1998) (quoting Gregoire v. Biddle, 177 F.2d 579, 581 (2d Cir. 1949)); see also Hunter v. Bryant, 502 U.S. 224, 229 (1991) (per curiam) (noting that the qualified immunity doctrine "gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law" (internal quotation marks and citations omitted)). In essence, the doctrine of qualified immunity "strik[es] a balance between compensating those who have been injured by official conduct and protecting government's ability to perform its traditional functions." Lawmaster v. Ward, 125 F.3d 1341, 1347 (10th Cir. 1997).

When a defendant pleads qualified immunity, the plaintiff has the heavy burden of establishing: (1) that the defendant's actions violated a federal constitutional or statutory right; and (2) that the right violated was clearly established at the time of the defendant's actions. See Horstkoetter, 159 F.3d at 1277-78 (10th Cir. 1998). As discussed above, plaintiff has satisfied the first part of his burden by establishing that defendant's actions violated the Fourteenth Amendment. We therefore need only consider whether Mr. Greene's due process property right was clearly established at the time of defendant's actions.

For a right to be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987); accord Horstkoetter, 159 F.3d at 1278. Although the very action in question need not have been previously declared unlawful, "in the light of pre-existing law the unlawfulness must be apparent." Anderson, 483 U.S. at 640. This is generally accomplished when there is controlling authority on point or when the clearly established weight of authority from other courts supports plaintiff's interpretation of the law. See Medina v. City & County of Denver, 960 F.2d 1493, 1498 (10th Cir. 1992).

To prove that his asserted property right was clearly established, plaintiff relies entirely on the language of Wyo. Stat. Ann. § 18-3-611 and a Wyoming Supreme Court opinion decided after plaintiff's reassignment, Lucero v. Mathews, 901 P.2d 1115 (Wyo. 1995). In Lucero, the court found that a deputy terminated without cause "had a statutorily and constitutionally protected property interest in continued public employment and that a reasonable sheriff should have known and understood this." Id. at 1120. Even if we were to rely on Lucero, we find that it does not adequately address the crux of the problem in this case. Despite the fact that the plaintiff in Lucero was demoted before he was terminated, the court addressed exclusively the discharge from employment issue. See id. at

- 11 -

1117, 1119-20. Also, the plaintiff was discharged for allegedly mishandling cases, not as a result of a departmental reorganization. See id. at 1117. Lucero thus dealt only with the protections of § 18-3-611(b) and did not address § 18-3-611(e), which sets forth the proper handling of discharges made pursuant to a sheriff's office reorganization.

In the case before us, the employment decision, a reduction in rank, was allegedly made pursuant to a reorganization. This raises the question of whether the reorganization exception of § 18-3-611(e) applies in the case of rank reductions, a question that, as discussed above, the Wyoming Supreme Court did not address in Lucero. We therefore turn our attention to the language of § 18-3-611. While § 18-3-611(e) expressly addresses reorganization discharges, it is silent with respect to how sheriffs should institute reductions in rank. We find the statute ambiguous in this regard.

In light of this ambiguity, § 18-3-611 can be interpreted in at least three ways. First, as plaintiff asserts, § 18-3-611(e) could apply not only to discharges, but also to reductions in rank. Plaintiff contends this requires a sheriff to implement rank reductions made pursuant to an office reorganization by seniority. Second, as defendant asserts, § 18-3-611(e) may apply to rank reductions made pursuant to an office reorganization, but it dictates that such decisions be made in order of "lowest ranking deputies first," id., rather than by seniority. According

- 12 -

to defendant, Greene had the same rank as the other three lieutenants and therefore had no superior right to his position vis-a-vis the others. Finally, § 18-3-611(e)'s silence on rank reductions could represent the legislature's decision not to grant an exception from the protections of § 18-3-611(b) for these decisions. Under this interpretation, all reductions in rank must be made for cause and after an opportunity for a hearing, whether disciplinary or made as part of an office reorganization. Although we have concluded that the unqualified language of § 18-3-611(b) makes the third interpretation the most persuasive, it was not clear that this was the only acceptable interpretation at the time plaintiff was reassigned. The fact that Mr. Greene himself urges a different interpretation of the law than we adopt above only underscores this conclusion. Consequently, neither the language of § 18-3-611 nor Lucero clearly established a property interest in a deputy sheriff's rank in the case of a reorganization. In addition, our own research uncovered no clearly established weight of authority from other courts pertaining to this question. We therefore hold that plaintiff has failed to show that the asserted property right was clearly established at the time defendant reduced his rank. Accordingly, the defendant is entitled to qualified immunity from plaintiff's § 1983 claim.

## Conclusion

For the reasons discussed above, we AFFIRM the order of the district court

granting summary judgment in favor of defendant.