**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 5 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ERIC DEVELL PETTIT,

      Plaintiff - Appellant,

vs.

JOHN WHETSEL; OKLAHOMA
COUNTY SHERIFF'S
DEPARTMENT,

      Defendants - Appellees.

No. 99-6107
(D.C. No. 98-CV-1615-R)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.[**]

---

Eric Devell Pettit, an inmate proceeding pro se, brought this 42 U.S.C. §

1983 action, requesting $5.5 million in damages, against Defendants John

Whetsel and the Oklahoma County Sheriff's Department. He alleged that

Defendants infringed his constitutional rights because (1) the state and the *Daily*

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

*Oklahoman* conspired to publish a newspaper article accusing him of trafficking in cocaine base, and (2) he was formally charged and arraigned on the cocaine-trafficking offense nearly two months after his arrest, in violation of the Due Process Clause. Construed liberally, see Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), his pro se complaint also asserted that he was deprived of his Sixth Amendment right to counsel, see R. doc. 2, at 3 & Exh. 7-G, and that Defendants imposed excessive bail and inflicted cruel and unusual punishment upon him in violation of the Eighth Amendment. See R. doc. 2, at 3 & Exhs. A-1, F-6. The district court dismissed the complaint without prejudice.

The claim involving the newspaper article was dismissed because Mr. Pettit failed to state a claim upon which relief could be granted. See 28 U.S.C. § 1915A(b)(1). The district court also dismissed Mr. Pettit's Due Process claim under the Younger abstention doctrine. See Younger v. Harris, 401 U.S. 37, 53-54 (1971). However, the court did not specifically address his Sixth and Eighth Amendment claims.

On appeal, Mr. Pettit reasserts all of his claims and challenges the court's decision to apply Younger abstention. He also seeks to supplement the record with evidence regarding an allegedly improper search of his home. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

Mr. Pettit was arrested on January 28, 1998 for trafficking in cocaine. He

remained in jail for about two weeks before being charged only with having outstanding traffic tickets. Just before he was to have been released, the *Daily Oklahoman* published a newspaper article indicating that he was wanted for cocaine trafficking. Only then, almost two months after his initial arrest, was he formally charged and arraigned for the cocaine offense. He contends that his court date was continuously postponed after his arraignment, and when he filed his § 1983 complaint, he still had not been tried. In a motion to supplement the record, he indicates that a state jury later found him guilty, presumably on the cocaine trafficking charge.

The district court correctly held that Mr. Pettit's allegations about a conspiracy involving the state and the *Daily Oklahoman* did not state a claim upon which relief could be granted. See § 1915A(b)(1). According to the Supreme Court, a plaintiff must allege something more than defamation by a state official to state a claim under § 1983. See Paul v. Davis, 424 U.S. 693, 711 (1976); see also Greene v. Barrett, 174 F.3d 1136, 1141 n.5 (10th Cir. 1999); Doe v. Bagan, 41 F.3d 571, 575-76 (10th Cir. 1994). A plaintiff's reputation is protected by the state through its tort law; it does not implicate liberty or property interests under the Constitution. See Paul, 424 U.S. at 711-12. Therefore, this claim must be dismissed with prejudice.

The district court's abstention from deciding the Due Process claim

pursuant to Younger was appropriate. Mr. Pettit seeks damages for constitutional violations that allegedly occurred during the pre-trial phase of a state criminal case pending against him when he filed his § 1983 claims and for which he has not exhausted state appeals. Although Younger narrowly proscribes federal injunctions and declaratory relief that interfere with on-going state criminal proceedings, see Younger, 401 U.S. at 41 n. 2, 53-54, the Tenth Circuit has extended the Younger doctrine to § 1983 claims for money damages. See Parkhurst v. Wyoming, 641 F.2d 775, 777 (1981).

We recognize that a stay, rather than dismissal, of § 1983 damages claims is the preferred remedy under certain circumstances. See id.; see also, e.g., Yamaha Motor Corp. v. Stroud, No. 98-3870, 1999 WL 352997, at *4-5 (8th Cir. June 3, 1999). However, Mr. Pettit's § 1983 claim alleging unreasonable pre-trial delays, if successful, would call his conviction into question. Hence, the district court properly dismissed it. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). The court also should have dismissed the § 1983 excessive bail claim pursuant to Heck. By contending that he possessed only 4.5 grams of cocaine, rather than the five or more grams upon which the court calculated his $50,000 bond, Mr. Pettit essentially denies the charges against him, which he may not do in a § 1983 claim. See R. doc. 2, Exh. F-6; Heck, 512 U.S. at 486-87. Likewise, his allegation that he was deprived of counsel for several months before trial, see R.

- 4 -

doc 2, Exh. 7-G, implicates the validity of his conviction and cannot be brought under § 1983. See Heck, 512 U.S. at 486-87.

Pursuant to § 1915A(b)(1), the district court also should have dismissed Mr. Pettit's claim that he suffered cruel and unusual punishment. Our "broad reading of [a pro se] plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall, 935 F.2d at 1110. Here, Mr. Pettit fails to present a single fact tending to show that Defendants violated his Eighth Amendment rights. Because "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be [granted]," id., we hold that Mr. Pettit's claim regarding the infliction of cruel and unusual punishment is insufficient. He has made no effort to supplement this claim. Accordingly, we AFFIRM the judgment, modified to indicate that the defamation and cruel and unusual punishment claims brought under § 1983 are dismissed with prejudice, and the § 1983 claims based on Due Process, excessive bail, and Sixth Amendment violations are dismissed without prejudice. See Fottler v. United States, 73 F.3d 1064, 1065 (10th Cir. 1996) ("When a § 1983 claim is dismissed under Heck, the dismissal should be without prejudice.").

Finally, we DENY Mr. Pettit's motions to supplement the record with evidence of an allegedly unconstitutional search. Because Mr. Pettit failed to

raise this issue before the district court, we cannot consider it now.  See City of

Stilwell, Okla. v. Ozarks Rural Elec. Coop., 166 F.3d 1064, 1073-74 (10th Cir.

1999).

AFFIRMED AS MODIFIED.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge