**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 12 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BRADY LOVINGIER,

     Plaintiff - Appellee,

v.

CITY OF BLACK HAWK,
COLORADO, a Colorado territorial
Charter Municipality,

     Defendant,

  and

LYNNETTE HAILEY, City Manager
of the City of Black Hawk, Colorado,
and in her individual capacity; BRIAN
LESHER, Fire Chief, City of Black
Hawk, Colorado, and in his individual
capacity; ERVIN L. MEACHAM,
Assistant Fire Chief, City of Black
Hawk, Colorado, and in his individual
capacity,

     Defendants - Appellants.

No. 98-1133
(D.C. No. 97-B-242)
(District of Colorado)

**ORDER AND JUDGMENT**[*]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **EBEL**, **MAGILL**[**] and **LUCERO**, Circuit Judges.

_____

Appellee Brady Lovingier, a former firefighter with the City of Black Hawk Fire Department, brought this civil rights action under 42 U.S.C. § 1983, claiming that his termination violated his due process rights. Asserting a qualified immunity defense, appellants filed a motion to dismiss pursuant to Fed. R. Civ. P. (12)(b)(6). The district court denied the motion. We exercise jurisdiction under 28 U.S.C. § 1291 and the collateral order doctrine, see, e.g. , Behrens v. Pelletier , 516 U.S. 299, 311 (1996), and affirm in part and reverse in part.

## I

Beginning in January of 1994, the City of Black Hawk employed appellee Lovingier as a firefighter. On April 17, 1996, the Fire Chief, Brian Lesher, acting on the recommendation of the Assistant Fire Chief, Ervin Meacham, terminated Lovingier's employment. Meacham recommended Lovingier's termination in March 1996; on April 17, Lesher terminated Lovingier by handing him a notice of dismissal, "effective immediately." Appellant's App. at 31. Although disputed by appellants, Lovingier asserts that Fire Chief Lesher gave him no opportunity to respond to the charges in the notice.

_____

[**]The Honorable Frank J. Magill, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

Lovingier appealed his termination to the City Manager, Lynette Hailey. He moved for her recusal on grounds of partiality, but she declined to recuse herself. After a postponement of the hearing, Hailey conducted post-termination proceedings at which Lovingier was represented by counsel and had the opportunity to call and cross-examine witnesses. In her findings, Hailey concluded that Lesher "did not give Lovingier an opportunity to respond to the allegations contained in the summary and did not give Brady Lovingier reasonable time to prepare a response to the allegations," in violation of the city's policies. Appellant's App. at 55 (City of Black Hawk, Findings and Decision, July 1, 1996, at 2). While Hailey ultimately sustained Lovingiers' termination, to remedy the injury resulting from the city's failure to give Lovingier a proper termination hearing, she ordered the city to pay him his regular salary from April 17, 1996, the date of termination, to May 30, 1996, the date the post-termination hearing was originally scheduled.

Asserting a violation of his Fourteenth Amendment right to due process, Lovingier thereupon filed suit against the city and defendants-appellants Hailey, Lesher and Meacham. The defendants filed a motion to dismiss, inter alia, the due process claims, which the district court granted as to defendant City of Black

Hawk and denied as to defendants Hailey, Lesher, and Meacham. [1] Appellants now appeal the denial of their motion to dismiss Lovingier's due process claims on qualified immunity grounds.

**II**

We have jurisdiction to review interlocutory appeals of the denial of qualified immunity "to the extent they resolve abstract issues of law." Claton v. Cooper, 129 F.3d 1147, 1152 (10th Cir. 1997); see also Behrens, 516 U.S. at 311. Because this appeal challenges the denial of a motion to dismiss, we face only the abstract issue of whether, taking plaintiff's allegations as true, those allegations defeat a claim of qualified immunity. See Tonkovich v. Kansas Bd. of Regents, 159 F.3d 504, 517 (10th Cir. 1998). "We review de novo the denial of a motion based on qualified immunity." Id. at 516 (citing Walter v. Morton, 33 F.3d 1240, 1242 (10th Cir. 1994); Eastwood v. Dep't of Corrections, 846 F.2d 627, 629 (10th Cir. 1988)). [2]

---

[1] The parties do not appeal the district court's resolution of defendants' motions for dismissal or summary judgment on any of Lovingier's other claims.

[2] We agree with defendants that documents appended by Lovingier as exhibits to his complaint—most pertinently the notice of dismissal, a transcript of the tape recording of the termination conversation between Lesher and Lovingier, and Hailey's July 1, 1996, Findings and Decision—are properly considered as parts of the complaint. Because the documents were submitted by plaintiff as exhibits to the complaint, they are properly considered as elements thereof. See Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); cf. Brown v. Zavaras, 63 F.2d 967, 969-70 (10th Cir. 1995) (holding that documents submitted by defendants as attachments to a motion to dismiss cannot be considered in evaluating a

Applying this standard, we determine whether Lovingier's complaint alleged sufficient facts to withstand appellants' motion to dismiss on the ground that they enjoyed qualified immunity from Lovingier's due process claim. We have held that "[w]hen a defendant pleads qualified immunity, the plaintiff has the heavy burden of establishing: (1) that the defendant's actions violated a federal constitutional or statutory right; and (2) that the right violated was clearly established at the time of the defendant's actions." Greene v. Barret, 174 F.3d 1136, 1142 (10th Cir. 1999) (citation omitted). This is a sequential inquiry, requiring that we determine first whether the plaintiff has alleged a deprivation of a constitutional or statutory right, and only if we find such a deprivation alleged do we turn to the question of whether the right at issue was clearly established. See, e.g., County of Sacramento v. Lewis, 523 U.S. 833, 118 S.Ct. 1708, 1714 n.5 (1998).

With regard to whether appellants violated Loviniger's federal constitutional or statutory rights, Lovingier insists the defendants violated his Fourteenth Amendment right to due process because they terminated him without an adequate opportunity to be heard. The Fourteenth Amendment provides that

_____

motion to dismiss under Fed. R. Civ. P. 12(b)(6) and can only be considered if the motion is converted to a summary judgment proceeding pursuant to Fed. R. Civ. P. 12 and 56).

there shall be no deprivation of "life, liberty, or property without due process of law." U.S. Const. amend. XIV.

It is undisputed that Lovingier suffered a deprivation of a property interest as a result of his termination because he "possessed a legitimate claim of entitlement to his continued employment as a firefighter with the City of Back Hawk sufficient to invoke due process," Appellants' Br. at 18; see West v. Grand County , 967 F.2d 362, 366 (10th Cir. 1992) (holding that a public employee has a property right protected by the Fourteenth Amendment when that "person's employment can be terminated only for specified reasons"). The relevant question for our review, therefore, is whether Lovingier was deprived his legitimate entitlement to municipal employment without due process of law.

**III**

"Due process requires that plaintiff have had an opportunity to be heard at a meaningful time and in a meaningful manner before termination. . . . 'This requirement includes three elements: 1) an impartial tribunal; 2) notice of charges given a reasonable time before the hearing; and 3) a pretermination hearing, except in emergency situations.'" Langley v. Adams County , 987 F.2d 1473, 1480 (10th Cir. 1993) (quoting Patrick v. Miller , 953 F.2d 1240, 1244 (10th Cir.

1992)). [3] Lovingier asserts that he was denied entirely a pretermination hearing, and denied an impartial tribunal at his post-termination hearing.

## A. Pretermination Hearing

The Supreme Court has held that the Due Process Clause requires "'some kind of a hearing' prior to the discharge of an employee who has a constitutionally protected property interest in his employment." Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985) (quoting Board of Regents v. Roth, 408 U.S. 564, 569-70 (1972)). "The pretermination 'hearing,' though necessary, need not be elaborate." Loudermill, 470 U.S. at 545. At a minimum, it must provide the employee notice and an opportunity to respond. See id. at 546. Lovingier argues that the pretermination process he received did not satisfy this minimum, and the deficiency cannot be cured by the post-termination procedures afforded him.

---

[3] A plaintiff carries a heavy burden of proof arguing that he was not heard by an impartial tribunal at a pre-termination hearing. The mere showing that a supervisor or individual authorized to dismiss the employee actually conducted the pre-termination hearing is insufficient to establish bias. See West, 967 F.2d at 368 (finding that a meeting with the supervisor, who ultimately terminated the employee, provided "sufficient notice and opportunity to respond to satisfy the pretermination due process requirements"); Seibert v. Oklahoma, 867 F.2d 591, 598-99 (10th Cir. 1989) (finding that meetings with a foreman concerning plaintiff's insubordination which led to foreman firing plaintiff were sufficient to satisfy constitutional requirements); but see Langley, 987 F.2d at 1480 (holding that "the person terminating plaintiff . . . was not an unbiased decisionmaker"). Rather, "a substantial showing of personal bias is required to disqualify a hearing officer or tribunal in order to obtain a ruling that a hearing is unfair." Corstvet v. Boger, 757 F.2d 223, 229 (10th Cir. 1985).

1.      Defendant Lesher

Lovingier claims that "when Defendant Fire Chief Lesher met with Plaintiff on April 17, 1996 (date of termination), he merely handed Plaintiff the written Notice of Dismissal without allowing Plaintiff the opportunity to respond to the allegations or to exchange information with the Fire Chief." (Appellant's App. at 6.) This states a violation of the requirement clearly established by Loudermill, 470 U.S. at 542. Even the City Manager's decision found that Lesher did not give Lovingier an opportunity to respond to the allegations contained in the summary and reasonable time to prepare a response to the allegations. Thus Lovingier states a claim that Lesher's pretermination actions constituted inadequate procedure even under the relatively lenient standards for a pretermination hearing. See Loudermill, 470 U.S. at 545-46. A brief, face-to-face meeting with a supervisor can satisfy the pretermination due process requirements of Loudermill, provided that it affords some notice of and opportunity to contest the grounds for termination. See Powell v. Mikulecky, 891 F.2d 1454, 1458 (10th Cir. 1989); see also West, 967 F.2d at 368 (citing Powell, 891 F.2d at 1459); Seibert v. Univ. of Oklahoma Health Sciences Ctr., 867 F.2d 591, 598 (10th Cir. 1989).

Defendants argue that prior notice of the disciplinary infractions on which Lovingier's termination was based afforded him adequate pretermination process. We disagree. Lovinger was terminated at the very moment he was given notice of

the charges against him. The transcript of his termination reveals that Lesher terminated him "effective immediately." (Appellants' App. at 49.) Thus, this case is clearly unlike those cases in which an employee is given the duration of a meeting, or even several days, to respond to charges before she is terminated. See, e.g., West, 967 F.2d at 368; Derstein v. State of Kansas, 915 F.2d 1410, 1413 (10th Cir. 1990) (finding adequate pretermination process where employee was given notice of charges and "not terminated at the meeting but given ten days to respond"). Lovingier merely had ten days to appeal following termination, not an opportunity to respond prior to termination. Furthermore, unlike in Powell, 891 F.2d at 1459, Lovingier did not concede the grounds for termination, thereby effectively waiving any opportunity to respond. Lovingier expressed some confusion over the reasons for Lesher's actions, but that does not rise to the level of an admission of charges or waiver of opportunity to respond, in large part because it occurred after he had been informed that he had already been terminated. See id.

In Aronson v. Gressly, 961 F.2d 907, 909-10 (10th Cir. 1992), we concluded that prior letters informing a public employee of charges of absenteeism afforded her sufficient pretermination process. In Aronson, however, it was undisputed that the letters in question explicitly informed the employee of the "disciplinary measures, including termination" that might be taken against her.

Id. at 910. Even taking into account the notice of termination attached to and thereby incorporated in Lovingier's complaint, Lovingier presents allegations that he was not informed of the disciplinary measures, including termination, that might be taken against him. The notice lists numerous alleged infractions, but makes no showing that discipline for those infractions was accompanied by notice equivalent to that before us in Aronson, 961 F.2d at 910. Furthermore, the complaint does not indicate that anyone informed Lovingier prior to his termination of the final two March 27, 1996 infractions discussed in the Notice of Dismissal. The transcript of his termination conversation reveals Lovingier's considerable confusion as to which particular charges led to the disciplinary action being taken against him. Cf. West, 967 F.2d at 368 (holding that prior knowledge of intent to eliminate plaintiff's job, combined with "several pretermination opportunities to discuss her potential termination" and a two-hour meeting with a supervisor to discuss the plaintiff's potential termination and rights under county policy, combined to provide her with constitutionally adequate pretermination process). Lovingier's complaint, read together with the attached notice of dismissal, supports an inference that the final two infractions were the proximate cause of his dismissal. Yet Lovingier contends he received no notice of, or opportunity to dispute, those particular infractions prior to the moment his termination became effective. We can only conclude that, under the

standards for reviewing a motion to dismiss based on qualified immunity, Lovingier's complaint alleges that Lesher denied him the clearly established right to "an opportunity to be heard at a meaningful time and in a meaningful manner before termination." Langley, 987 F.2d at 1480. The fact that our cases establish that advance warnings and/or brief discussions at the pretermination meeting itself may satisfy the pretermination hearing requirement of Loudermill does not render any less clearly established the proposition that outright denial of any opportunity to respond violates clearly established law.

Appellants also dispute whether, in light of Hailey's award of backpay at the post-termination hearing for the stated purpose of remedying the inadequacy of the pretermination hearing, Lovingier suffered a deprivation of a property right at all. In Workman v. Jordan, 32 F.3d 475, 479 (10th Cir. 1994), we found no deprivation of a property right stemming from an allegedly inadequate pretermination hearing where a public employee's "procedurally adequate post[-]termination hearing actually resulted in [the employee's] reinstatement, together with back pay for the constitutionally protected property interest in employment."

The holdings of Workman, 32 F.3d 475, and Archuleta v. Colorado Department of Institutions, 936 F.2d 483 (10th Cir. 1991), do not support appellants' argument. In those cases, we refused to review the adequacy of challenged procedures on the grounds that the plaintiffs had suffered no

deprivation of a property interest. See Workman, 32 F.3d at 479; Archuleta, 936 F.2d at 489-90. That finding of no deprivation, however, was founded on post-termination proceedings that restored to the plaintiffs all their property rights. See Workman, 32 F.3d at 479; Archuleta, 936 F.2d at 490. Here, although the post-termination proceedings compensated Lovingier for the period between termination and hearing, he was not reinstated. Considering the fact that he has been deprived of his property interest in continuing employment we cannot say he has suffered no deprivation of a property interest so as to foreclose review of the adequacy of process he received. Cf. Dailey v. Vought Aircraft Co., 141 F.3d 224, 231 (5th Cir. 1998) (noting that the Fifth Circuit has recognized that "Loudermill clearly established that post-termination proceedings can satisfy due process requirements only when coupled with adequate pretermination process in public employment termination cases").

While the award of back pay at the post-termination hearing, coupled with the procedural adequacy of that hearing, see infra Section III.B, moot any claim for back pay, reinstatement, or damages resulting from the ultimate termination itself, they do not moot Loviniger's claim entirely. As in Workman, Lovingier's complaint asserts a claim for "emotional damages." (Appellant's App. at 23.) In Workman, we held that similar claims for "incidental losses" were mooted because they did not "give rise to an independent protected property interest." 32

F.3d at 480 n.4 ( noting that "[o]ur authority to award these damages to a successful § 1983 plaintiff is of no matter.") Because Lovingier, unlike Workman, has suffered a deprivation of a property interest that has not been entirely eliminated by subsequent corrective action, and because appellants do not challenge the district court's authority to award incidental damages should Lovingier's defective pretermination hearing claim succeed, that claim is not entirely moot.

2.      Defendants Meacham and Hailey

42 U.S.C. § 1983 specifically requires an element of causation.      See Tonkovich , 159 F.3d at 518 ("a defendant may not be held liable under § 1983 unless he or she subjected a citizen to the deprivation, or caused a citizen to be subjected to the deprivation"). Defendants Meacham and Hailey claim that Lovingier alleges insufficient involvement on their part in his pretermination proceedings to establish they caused him to be subjected to a deprivation of a protected right.

Lovingier's complaint alleges no involvement by defendant Hailey in the decisions to terminate him and to provide him with inadequate pretermination procedures. A general allegation that Hailey "was closely involved with the fire administration in ongoing city wide matters," Appellant's App. at 13, is insufficient to "articulate the clearly established constitutional right and the

defendant's conduct which violated the right with specificity." Romero v. Fay, 45 F.3d 1472, 1475 (10th Cir. 1995). We have held that a defendant may be liable for a due process violation under § 1983 when that defendant affirms a procedurally inadequate termination decision and that defendant is in a "position[] to ensure plaintiff received due process." Langley, 987 F.2d at 1481 (citing Melton v. City of Oklahoma City, 879 F.2d 706, 731 (10th Cir. 1989), overruled in part on reh'g en banc, 928 F.2d 920 (1991)). That situation, however, differs from the facts alleged in this case. Lovingier raises no specific and concrete allegations that Hailey was involved in, or responsible for, the nature of Lovingier's pretermination hearing or lack thereof. Langley and Melton cannot be read to stand for the proposition that a defendant can be liable for a deprivation of due process at a stage of the proceedings in which she had no direct involvement when she, in her responsible capacity, recognized and attempted to remedy the deprivation at a subsequent proceeding.

With respect to defendant Meacham, Lovingier alleges that Meacham recommended his dismissal to defendant Lesher. The complaint makes no particularized allegation that Meacham participated in the decision to terminate Lovingier without a hearing. Therefore, while Lovingier's complaint reasonably supports an inference that Meacham played a causal role in the decision to initiate Lovingier's termination, it alleges no facts that would support an inference that

-14-

Meacham played a causal role in the distinct decision to execute that termination without a hearing. Absent such particularized allegations, the complaint fails to state a claim against Meacham for the alleged denial of pretermination process. See Langley , 987 F.2d at 1479 (holding that generalized assertions that defendants violated rights, absent allegations of "specific actions by each defendant that violated [plaintiff's] rights," fail to support denial of qualified immunity). Although Lovingier alleges additional actions by Meacham with regard to the post-termination hearing, those actions are not relevant to his involvement or lack thereof in the initial denial of pretermination process. Recommending an employee's discharge, without more, does not render a defendant responsible for his superior's decision to execute that discharge without a proper hearing.

## B. Post-termination Hearing

"When the pretermination process offers little or no opportunity for the employee to present his side of the case, the procedures in the post-termination hearing become much more important." Benavidez v. Albuquerque , 101 F.3d 620, 626 (10th Cir. 1996). Lovingier's allegations of constitutionally inadequate post-termination process arise out of the contention that defendants failed to provide him with an impartial tribunal. Impartiality of the tribunal is an essential element of due process. See Withrow v. Larkin , 421 U.S. 35, 46-47 (1975). We

have held, however, that "a substantial showing of personal bias is required to disqualify a hearing officer or tribunal in order to obtain a ruling that a hearing is unfair." Corstvet v. Boger, 757 F.2d 223, 229 (10th Cir. 1985). A complaint that contains only "conclusory allegations of bias, without alleging factual support" is insufficient to make this showing. Tonkovich, 159 F.3d at 520. The person who terminates a public employee does not constitute an unbiased decisionmaker for due process purposes. See Langley, 987 F.2d at 1480.

In confronting a similar claim—that university hearing committee members were not impartial decisionmakers because of their employment by the university which took adverse action against the plaintiff—we held that "while the Due Process Clause certainly requires a hearing before an impartial tribunal, [the plaintiff] has pointed to no law, clearly established or otherwise, that procedural due process includes a right to professional hearing officers or hearing officers not employed by the governmental body or agency taking the adverse action." Tonkovich, 159 F.3d at 519-20. Therefore, the allegation that defendant Hailey, in her capacity as City Manager, "was closely involved professionally with the Fire Chief," Appellant's App. at 11, was insufficient to make the "substantial showing" necessary to disqualify a hearing officer for personal bias. Corstvet, 757 F.2d at 229.

Lovingier also alleges that ex parte discussions between Meacham and Hailey created an issue of "Defendant Hailey's potential bias." (Appellant's App. at 12.) At the post-termination hearing, Hailey volunteered that she had "previously engaged in ex parte discussions with the Assistant Fire Chief concerning the underlying basis for Plaintiff's discharge and the procedures utilized." (Appellant's App. at 12.) At the hearing, Assistant Fire Chief Meacham testified, to the contrary, that he had not previously spoken to Hailey about the case.

An ex parte communication, in itself, does not automatically establish that an adjudicator "abandoned the impartial judicial role." J.B. v. Washington County, 127 F.3d 919, 926 (10th Cir. 1997). Mere speculation that an ex parte communication may have influenced a decision is insufficient to invalidate that decision. See West, 967 F.2d at 370. In light of Hailey's disclosure of the ex parte communication, we conclude that Lovingier has not pleaded sufficient specific facts to overcome the presumption of "honesty and integrity on the part of a tribunal," Mangels v. Pena, 789 F.2d 836, 838 (10th Cir. 1986), and to support an inference of bias or abandonment of impartiality on the part of Hailey. [4]

_____

[4] Lovingier's assertion that the process was tainted by his alleged inability to call Hailey as a witness for purposes of impeaching Meacham's denial of ex parte contact is puzzling. Since he concedes that Hailey herself disclosed this communication, she was obviously fully aware of its impeaching value, and we see no due process violation in the alleged difficulty of calling her as a witness.

-17-

Because Lovingier has not pleaded sufficient facts to sustain a claim of partiality, and because Lovingier does not otherwise contest the adequacy of the post-termination proceedings, we conclude that he has alleged no constitutional violation with respect to those proceedings. Qualified immunity should therefore be granted to all defendants as to the post-termination hearings.

## IV

The decision of the district court is **AFFIRMED** as to defendant Lesher with respect to the pretermination hearing and **REVERSED** as to defendants Meacham and Hailey on all claims and as to defendant Lesher with respect to the post-termination hearing.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge