FILED
United States Court of Appeals
Tenth Circuit

February 28, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

MILCOR I, LLC,

     Plaintiff - Appellant,

v.

SANDY K. LUERS, individually; ERIC
CARR in his official capacity as Riverton
Community Development Director; DAVE
PASKETT, individually and in his official
capacity as Riverton Building Inspector;
GARY W. BURNETTE, individually;
TERRY BETTS in his official capacity as
Riverton Construction Board of Appeals
Chairman; JOHN L. BAKER, individually;
RICHARD P. GARD in his official
capacity as Riverton Mayor; MARTIN
CANNAN, LEE MARTINEZ, HOLLY
JIBBEN, SEAN PETERSON, individually;
MIKE BAILEY individually and in his
official capacity as Riverton City Council
Member; KYLE LARSON, REBECCA
SCHATZA, KARLA BORDERS, TIM
HANCOCK, in their official capacities as
Riverton City Council Members,*

     Defendants - Appellees.

_____

No. 18-8000
(D.C. No. 2:16-CV-00163-NDF)
(D. Wyoming)

_____

---

     * When a public officer who is a party to an appeal ceases to hold office, "[t]he public officer's successor is automatically substituted as a party." Fed. R. App. P. 43(c)(2). For those Defendants-Appellees who no longer hold office, we have substituted their successors as to the official-capacity claims.

_____

Before **LUCERO**, **McHUGH**, and **MORITZ**, Circuit Judges.

_____

Milcor I, LLC ("Milcor") seeks damages from the City of Riverton, Wyoming ("City") and several City officials under 42 U.S.C. § 1983 for violations of procedural and substantive due process, and a state breach-of-contract claim. The district court granted summary judgment for the defendants on Milcor's due process claims and dismissed the state contract claim without prejudice. Milcor now challenges the district court's grant of summary judgment, which we affirm.

## I.     BACKGROUND

Milcor owned and operated a Days Inn in Riverton, Wyoming. In 2013, Milcor proposed to remodel the hotel—at that time a single two-story structure where all the doors to motel rooms opened directly to the outside—by adding an adjacent two-story structure that would connect to the original structure by an enclosed corridor.[1] In support of the proposed renovations, Milcor submitted building plans to the City. Citing § 903.3.1 of the 2006 International Building Code ("IBC"), these plans stated that a fire sprinkler system would be installed consistent with National Fire Protection Association ("NFPA") Standard 13. The plans also stated, pursuant to IBC

_____

[**] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] The proposed renovations also included the addition of a business area.

907.2.2, that no fire alarm system would be installed in the business area; however, the plans did not say whether a fire alarm system would be installed in the new guestrooms.

The City granted Milcor a building permit for the renovations, along with a "plan review report" advising that "[f]ire sprinkler system plans shall be submitted for review prior to installation" and that "[s]moke alarms shall be installed per IBC Section 907.2.10." Suppl. App. at 105–07. The report also stated that the "plan review . . . represents a list of corrections necessary to comply with the requirements" of the relevant building codes, that "[t]he approval of plans and specifications does not permit the violation of any section of federal, state, or local regulations," and that

> [t]he issuance of a permit based on plans, specifications, and other data shall not prevent the City of Riverton from thereafter requiring the correction of errors in said plans, specifications and other data, or from preventing building operations being carried on when in violation of any federal, state or local ordinance, rule or regulation.

*Id.* at 107. But the report neither mentioned the need to install a fire alarm system nor referenced any section of the IBC governing fire alarm systems.

In June 2014, Milcor submitted fire sprinkler system plans to the City that the City approved. In the same month, Dave Paskett, a city inspector, performed a "rough-in inspection" and raised the need to install a fire alarm system. Afterwards, Mr. Paskett and Sandy Luers (the City's Director of Community Development and Building Official) met with Kent Milligan, the hotel's general manager. The parties dispute the nature of the meeting: Ms. Luers contends she advised Mr. Milligan of the need for a fire alarm system, while Mr. Milligan does not recall any discussion of

3

a fire alarm system. Milcor then completed construction without installing a fire alarm system.

On December 8, 2014, Milcor requested a final inspection of its renovations. Mr. Paskett refused to perform the inspection until Milcor installed an operational fire alarm system.[2] Mr. Milligan sent Ms. Luers a letter protesting Mr. Paskett's refusal to perform a final inspection, contending that a fire alarm system was never part of the building plans the City had approved and that the project's architect had concluded the IBC did not require installation of a fire alarm system. In a response to Mr. Milligan's letter, Ms. Luers stated that while the business section of the addition did not need a fire alarm system, the new guestrooms did because they did not open directly onto a public way, exit court, or yard.

On December 30, 2014, Milcor inquired in an email about formally contesting the City's decision, but did not actually request an appeal until more than six months later, on July 8, 2015. Instead, Milcor began renting at least some of its newly-built guestrooms without the required certificate of occupancy. On September 14, 2015, the Riverton Board of Appeals ("Board") dismissed Milcor's appeal as untimely. Milcor continued renting its rooms without a certificate of occupancy until February 5, 2016, when the City advised Milcor by letter of the alleged code

---

[2] Mr. Paskett contends he also refused to perform the inspection for another reason: because the addition lacked an operational fire suppression system. Milcor denies that Mr. Paskett cited the lack of a fire suppression system as a basis for refusing the inspection and contends that it had installed a fire suppression system. We need not resolve this factual dispute.

violation and ordered Milcor to either install a fire alarm system within thirty days (during which period Milcor would have to perform hourly fire watches) or "cease renting of all rooms." App. at 213–214. Mr. Milligan requested a hearing to appeal this letter, arguing the City was "attempt[ing] to strong arm [him] into submitting to installation of a fire monitoring system that was never contemplated in the original plans or building permit issued by the City"; he sought relief in the form of "an order that the City immediately issue certificates of occupancy." Suppl. App. at 182–83. The Board dismissed the appeal, holding that it addressed the same issues as the July 2015 appeal that the Board had already dismissed as untimely. Milcor appealed that dismissal to the Riverton City Council, which upheld the Board's decision on March 16, 2016.

In June 2016, Milcor filed a complaint in the U.S. District Court for the District of Wyoming, naming the defendants in both their individual and official capacities. The complaint alleged due process violations and requested a temporary restraining order and a preliminary injunction ordering the City to issue a certificate of occupancy. The district court ordered the City to perform an inspection of the fire alarm and fire suppression systems and to issue a certificate of occupancy if the systems were "in compliance with the intent and purpose of the applicable codes." App. at 29–30.

The City retained Albert Rood, an inspector with the Wyoming State Fire Marshal's Office, to perform the ordered inspection. In December 2016, Mr. Rood performed the inspection and concluded that Milcor needed to install a fire alarm

5

system, noting "[t]he current fire alarm system d[id] not meet NFPA standards to alert all areas of the building" and "[t]he fire alarm system plan submittal ha[d] never been approved by the city." App. at 37. Mr. Rood also noted several other deficiencies in the fire alarm system.

Concluding it was financially unsustainable to keep the Days Inn open or to complete the required installations, Milcor closed the motel in March 2017. Milcor filed an amended complaint based on 42 U.S.C. § 1983, alleging: (1) procedural and substantive due process claims based on the City preventing Milcor from renting guestrooms in the pre-renovation portion of the hotel; (2) procedural and substantive due process claims based on the City's refusal to issue a certificate of occupancy after Milcor completed the renovation in accord with the building plans previously approved by the City; and (3) a breach of contract claim under Wyoming law. In September 2017, the defendants moved for summary judgment on Milcor's claims, asserting qualified immunity and offering affidavits from Ms. Luers, Mr. Paskett, and Mr. Rood. Along with a response to this motion, Milcor moved to strike Mr. Rood's affidavit in its entirety and portions of Mr. Paskett's and Ms. Luers's affidavits.

In a single order, the district court denied Milcor's motions to strike and granted summary judgment for the defendants. On Count One of the amended complaint, the district court concluded there was no evidence from which the jury could find the defendants threatened to prevent Milcor from renting rooms in the pre-renovation portion of the Days Inn. On Count Two, the district court found no procedural due process violation because it concluded Milcor lacked a protected

6

property interest in a certificate of occupancy absent compliance with local building codes, and that Milcor had failed to meet its burden of clearly establishing the absence of any IBC violation.[3] As for Milcor's substantive due process claim, the district court found no deprivation of a fundamental right. Having dismissed all federal-law claims prior to trial, the court declined to exercise supplemental jurisdiction over Count Three and dismissed Milcor's state-law breach of contract claim without prejudice. *See United States v. Botefuhr*, 309 F.3d 1263, 1273 (10th Cir. 2002) ("[A] district court should normally dismiss supplemental state law claims after all federal claims have been dismissed, particularly when the federal claims are dismissed before trial."). Milcor timely appealed.

## II.    DISCUSSION

Milcor challenges the district court's grant of summary judgment and denial of its motions to strike. We begin with a discussion of the appropriate standard of review. Then, we apply that standard in assessing the correctness of the district court's grant of summary judgment.[4]

---

[3] The district court ruled against Milcor's procedural due process claims on two additional grounds: (1) Milcor failed to identify a City policy responsible for the alleged constitutional deprivation and thus could not prevail on an official-capacity claim; and (2) Milcor had failed to avail itself of the procedures the City made available when it did not timely appeal Mr. Paskett's refusal to perform the final inspection. We need not reach these grounds because we agree with the district court that Milcor lacked a property interest protected by the due process clause.

[4] Because we affirm the district court's grant of summary judgment on the basis that Milcor lacked a property interest in a certificate of occupancy, we need not reach any questions of disputed fact. Accordingly, we do not address Milcor's challenges to the district court's denial of its motions to strike the affidavits.

## A. *Standard of Review*

We review a district court's rulings on summary judgment de novo, applying the same standards as the district court. *Universal Underwriters Ins. Co. v. Winton*, 818 F.3d 1103, 1105 (10th Cir. 2016). Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). On appeal we "examine the record and all reasonable inferences that might be drawn from it in the light most favorable to the non-moving party." *Merrifield v. Bd. of Cty. Comm'rs*, 654 F.3d 1073, 1077 (10th Cir. 2011) (quotation marks omitted). "In reviewing a grant of summary judgment, we need not defer to factual findings rendered by the court." *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1180 (10th Cir. 2018) (internal quotation marks omitted). Furthermore, "we can affirm on any ground supported by the record, as long as the appellant has had a fair opportunity to address that ground." *Alpine Bank v. Hubbell*, 555 F.3d 1097, 1108 (10th Cir. 2009) (internal quotation marks omitted).

## B. *Analysis*

The Due Process Clause of the Fourteenth Amendment protects persons from state-imposed deprivations "of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1; *see also Greene v. Barrett*, 174 F.3d 1136, 1140 (10th Cir. 1999). The clause "has two components: procedural due process and substantive due process." *Greene*, 174 F.3d at 1140 n.1. Although Milcor raised substantive due

8

process claims before the district court and alluded to such claims in oral argument, it never raised those arguments in its briefing to this court. Milcor also failed to argue any official-capacity procedural due process claims in its briefing before us. We generally "decline[] to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief." *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007). Accordingly, we limit our review to Milcor's procedural due process claims against the defendants in their individual capacities.

Because Milcor directs its due process complaint against individuals who have asserted qualified immunity, to prevail, Milcor must show "(1) the defendant[s] violated a constitutional right and (2) the constitutional right was clearly established." *Courtney v. Okla. ex rel. Dep't of Pub. Safety*, 722 F.3d 1216, 1222 (10th Cir. 2013) (quotation marks omitted). Looking to the first prong of this standard,[5] we conclude Milcor has failed to demonstrate the violation of any constitutional right implicated by the denial of a certificate of occupancy.

Here, the question is whether the City violated Milcor's right to procedural due process by refusing to issue a certificate of occupancy. "The Fourteenth Amendment proscribes a state from, among other things, depriving a party of 'property without due process of law.'" *Hyde Park Co. v. Santa Fe City Council*, 226 F.3d 1207, 1210 (10th Cir. 2000) (quoting U.S. Const. amend. XIV, § 1). Determining whether a

---

[5] In reviewing a district court's ruling on a qualified immunity defense, "[w]e have discretion to address either prong of this standard first." *Cox v. Glanz*, 800 F.3d 1231, 1246 (10th Cir. 2015) (quotation marks omitted).

procedural due process violation has occurred entails "a two-step inquiry: (1) whether the plaintiff has shown the deprivation of an interest in 'life, liberty, or property' and (2) whether the procedures followed by the government in depriving the plaintiff of that interest comported with 'due process of law.'" *Elliot v. Martinez*, 675 F.3d 1241, 1244 (10th Cir. 2012) (quoting *Ingraham v. Wright*, 430 U.S. 651, 673 (1977)). For the first step of this inquiry, where a plaintiff alleges a deprivation of property without due process, we must consider whether the alleged deprivation is of an interest protected by the Fourteenth Amendment. *Hyde Park Co.*, 226 F.3d at 1210.

To determine whether Milcor had a protected property interest in a certificate of occupancy, we look to state law. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 539 (1985) ("Property interests are not created by the Constitution; 'they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law. . . .'" (quoting *Bd. of Regents of State Coll.'s v. Roth*, 408 U.S. 564, 577 (1972))); *Hulen v. Yates*, 322 F.3d 1229, 1240 (10th Cir. 2003) ("Thus, constitutionally protected property interests are created and defined by statute, ordinance, contract, implied contract and rules and understandings developed by state officials."); *Cole v. Ruidoso Mun. Sch.*, 947 F.2d 903, 906 (10th Cir. 1991). "In order to create a property interest, the state statute or regulation must give the recipient 'a legitimate claim of entitlement to [the benefit allegedly deprived].'" *Greene*, 174 F.3d at 1140 (quoting *Roth*, 408 U.S. at 576). "Detailed

10

procedures in a state statute or regulation are not, by themselves, sufficient to create a property interest." *Id.*

Milcor fails to demonstrate any "legitimate claim of entitlement to" a certificate of occupancy under Wyoming law. The only case Milcor adduces in support of its burden, *Snake River Venture v. Board of County Commissioners, Teton County*, 616 P.2d 744 (Wyo. 1980), misses the mark. In *Snake River Venture*, a county issued a building permit to a developer even though the project conflicted with a municipal ordinance. 616 P.2d at 746–47. The county later revoked the permit, arguing it had lacked the authority to lawfully issue a permit in the first place, and the developer sought an injunction to enforce the validity of its building permit. *Id.* at 748. In its opinion denying an injunction, the Wyoming Supreme Court explained that when an entity receives a building permit and begins actual construction in reliance on the earlier approval, it acquires a property interest in the building permit. *Id.* at 750. Because the developer had not begun construction, it lacked a property interest in its building permit. *Id.* Importantly, however, the decision never addressed the right to a certificate of occupancy and so *Snake River Venture* does not support Milcor's claim of a property interest here.

Apart from *Snake River Venture*, Milcor cites no Wyoming case law, nor did our research reveal any, that would elucidate whether a certificate of occupancy is a protected property interest. Moreover, courts considering the question in other states have generally rejected the notion of a protected property interest in a certificate of occupancy, emphasizing that the issuance or non-issuance of a certificate falls within

11

a city's police powers and fundamentally implicates its "ability to protect the health, safety, and welfare of the public." *See, e.g.*, *Patzer v. City of Loveland*, 80 P.3d 908, 911–12 (Colo. App. 2003) (rejecting argument that completion of project in accord with approved building plans entitled entity to certificate of occupancy where issuance might endanger public safety) (collecting cases).

Thus, because Milcor has failed to show a property interest in a certificate of occupancy under Wyoming law,[6] Milcor does not satisfy its burden of showing the deprivation of a constitutional right and therefore cannot prevail on its procedural due process claim.

## III.  CONCLUSION

We AFFIRM the district court's decision.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

---

[6] Milcor asserts, without support or explanation:

> [B]ecause the trial court chose to dismiss the state law claims [without prejudice], this Court must assume that Plaintiff did have a property interest under Wyoming law in completing construction pursuant to the plans on which the building permit was issued. It would not be appropriate at this stage of the case for this court to attempt to resolve any uncertainty in the law of Wyoming as to the property interest that was deprived by due process of law.

Appellant's Br. at 53–54. Milcor is mistaken. Although we express no view on the merits of a state breach of contract claim, we properly assessed and rejected the merits of Milcor's federal claim under § 1983.

12