**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 6 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

JOSEPH EDWARD SCHELL,

     Plaintiff - Appellant,

vs.

K. E. PROSE,

     Defendant - Appellee.

No. 97-1012
(D.C. No. 95-Z-2625)
(D. Colo.)

---

ORDER AND JUDGMENT[*]

---

Before BRORBY, EBEL, and KELLY, Circuit Judges.[**]

Mr. Schell, an inmate appearing pro se, appeals from the grant of summary judgment in favor of the Defendant police officer. The district court determined that the officer was entitled to qualified immunity. Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.

Mr. Schell was arrested during a traffic stop on an Arizona felony warrant.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

It is uncontroverted that a computer check by the officer revealed that the vehicle was registered to an Ohio owner. The officer had the vehicle towed and impounded. In his complaint, Mr. Schell alleges that the officer unlawfully seized his property (the vehicle and personal property inside) rather than allow a passenger to drive the vehicle away. I R. doc. 3 at 3. He alleges that subsequent attempts to get his property back have been unsuccessful. Id.

We review the grant of summary judgment based on qualified immunity de novo, applying the same standard as the district court. Latta v. Keryte, 118 F.3d 693, 697 (10th Cir. 1997). Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The court considers all evidence and the reasonable inferences therefrom in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). The nonmoving party, however, may not rely upon unsupported allegations without "'any significant probative evidence tending to support the complaint.'" Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986) (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 290 (1968)). Factual disputes about immaterial matters will not preclude summary judgment. Anderson, 477 U.S. at 248.

Government officials performing discretionary government functions are

entitled to qualified immunity if their "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Once a qualified immunity defense is raised, a plaintiff must show that a defendant violated a constitutional or statutory right, and that the right was clearly established such that a reasonable person in the officer's position would have known that the conduct violated the right. Garramone v. Romo, 94 F.3d 1446, 1449 (10th Cir. 1996). Though fact-specific, qualified immunity is a legal inquiry. Pueblo Neighborhood Health Ctrs., Inc. v. Losavio, 847 F.2d 642, 646 (10th Cir. 1988).

In response to the officer's summary judgment motion, Mr. Schell filed sworn responses indicating that he asserted ownership of the vehicle and that he provided "verification," "proper documentation," and "proof of ownership" to the officer. I R. docs. 26 at 2; 27 at 2; 28 at 1. He neither specified nor attached this documentation. He also contended that, contrary to the officer's affidavit, the passengers in the vehicle requested that they be allowed to drive the vehicle. I R. doc. 27 at 2. The officer contends that the vehicle was returned to its lawful owner; Mr. Schell maintains on appeal that the vehicle was sold--a dispute that is not material.

Mr. Schell has not come forth with specific facts showing a violation of either the Fourth Amendment or the Fourteenth Amendment by this defendant.

"We have held that law enforcement officers may impound an automobile until the ownership of the vehicle can be ascertained." United States v. Shareef, 100 F.3d 1491, 1508 (10th Cir. 1996) (citing United States v. Long, 705 F.2d 1259, 1262 (10th Cir. 1983)). Here, it is uncontroverted that the vehicle was registered to an Ohio owner. Mr. Schell's provision of unspecified documents concerning ownership does not render the discretion exercised by the officer objectively unreasonable. Given that the car was registered to another and that neither of the passengers could produce evidence of ownership, the officer was not required to allow them to drive it away. Cf. United States v. Agofsky, 20 F.3d 866, 873 (8th Cir.) ("Nothing in the Fourth Amendment requires a police department to allow an arrested person to arrange for another person to pick up his car to avoid impoundment and inventory."), cert. denied, 513 U.S. 909, 949 (1994). Insofar as the due process claim, Mr. Schell neither alleged nor offered proof before the district court of an inadequate post-deprivation procedure. See Summers v. Utah, 927 F.2d 1165, 1169 (10th Cir. 1991) (discussing minimum standards); Goichman v. City of Aspen, 859 F.2d 1466, 1468-69 (10th Cir. 1988). Because Mr. Schell has not established the violation of any right, we need go no further. See Siegert v. Gilley, 500 U.S. 226, 232-33 (1991).

AFFIRMED. All pending motions are DENIED. The mandate shall issue forthwith.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge