**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 30 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CYNTHIA COYKENDALL, as
personal representative of the estate of
Christina T. Anderson, individually
and as mother and next friend of Faith
Nowel Anderson,

        Plaintiff - Appellant,

v.

ROBERT L. HAWKINS, individually;
BARBARA MCDONELL,
individually; and MICHAEL
WILLIAMS, individually,

        Defendants - Appellees.

No. 02-1155
D.C. No. 98-B-1268
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to honor the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f). The case is therefore submitted without

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

oral argument.

Ms. Anderson and Mr. Hawkins died during the pendency of this appeal; however, both parties' interests and rights are represented here. Ms. Anderson's personal representative has been substituted as the Appellant and is referred to herein as "Appellant," and Ms. Anderson is referred to by name. Mr. Hawkins has been indemnified by the State of Colorado, which proceeds with his representation on appeal. The summary judgment in favor of Mr. Hawkins is the only judgment that has been appealed; therefore the other named Defendants-Appellees in this case are not involved in this appeal. Mr. Hawkins alone is referred to herein as "Appellee."[1]

This is a state prisoner § 1983 civil rights appeal stemming from Ms. Anderson's sexual assault while she was temporarily incarcerated at the Colorado Mental Health Institute in Pueblo where Appellee was the superintendent. Appellant alleges that while housed at the Pueblo mental health facility, Ms. Anderson was improperly placed in Ward F-1 where she was the only woman among twenty-seven male prisoners without meaningful segregation. Appellant further alleges that while housed in this facility, Ms. Anderson was sexually

---

[1]In connection with the death of Mr. Hawkins, the state filed a Suggestion of Death, to which the Appellant has filed a Motion for Leave to File Response on the Suggestion of Death Out of Time. We hereby GRANT the motion to file out of time and accept the Appellant's Response on the Suggestion of Death.

assaulted.

Ms. Anderson claimed in the district court that Appellee violated her right to protection against cruel and unusual punishment pursuant to the Eighth Amendment. The district court granted Appellee's motion for summary judgment with respect to the Eighth Amendment claim on the basis of qualified immunity. Appellant appeals the grant of summary judgment.

Appellant asserts that Appellee violated Ms. Anderson's Eighth Amendment right to protection from cruel and unusual punishment by failing to adequately supervise her incarceration. Appellee allowed Ms. Anderson to be placed in a facility with twenty-seven male prisoners without adequate segregation despite information suggesting she was in danger of sexual assault. We agree with the district court that Appellee is entitled to qualified immunity with respect to the constitutional claim.

The doctrine of qualified immunity shields government officials from the burden of standing trial "unless their conduct violates 'clearly established constitutional or statutory rights.'" Mitchell v. Forsyth, 472 U.S. 511, 526 (1985); Greene v. Barrett, 174 F.3d 1136, 1142 (10th Cir. 1999). Appellant therefore bears the burden of establishing that 1) Appellee violated Ms. Anderson's constitutional rights, and 2) that those rights were clearly established at the time of the alleged deprivation. Greene, 174 F.3d at 1142.

In a § 1983 claim based on a failure to supervise, a plaintiff must show that the constitutional deprivation occurred and that there is "an 'affirmative link' . . . between the [constitutional] deprivation and [] the supervisor's . . . 'exercise of control or direction, or his failure to supervise.'" Meade v. Grubbs, 841 F.2d 1512, 1527 (10th Cir. 1988) (quoting Specht v. Jensen, 832 F.2d 1516, 1524 (10th Cir. 1987)). Furthermore, in an analogous case, the Supreme Court recognized that the relevant test is a subjective one noting that

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Farmer v. Brennan, 511 U.S. 825, 837 (1994).

This case was resolved in the district court at the summary judgment stage. Therefore, we must view all evidence in the light most favorable to the Appellant. However, Appellant cannot rely upon her allegations alone, "without 'any significant probative evidence tending to support the complaint.'" Schell v. Prose, 125 F.3d 863 (Table), 1997 WL 618725, at **1 (10th Cir.) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

While the facts alleged by Appellant would indicate possible constitutional violations by the Ward F-1 staff, our inquiry is limited to a review of Appellee's *supervision* of the Ward F-1 staff. Appellant has alleged that Appellee knew that

mentally ill women were housed with male inmates and that he specifically knew that Ms. Anderson was in danger of sexual assault in the male ward. Specifically, Appellant points to complaints by other female inmates of previous sexual assaults of a much less egregious nature and to reports from the Ward F-1 staff regarding Ms. Anderson's behavior. The facts further indicate that Appellee responded to these reports by ordering supervision and counseling for Ms. Anderson, and that Appellee received subsequent reports that the situation had improved.

Viewing these facts in the light most favorable to Appellant, and even assuming unconstitutional behavior on the part of the Ward F-1 staff, Appellant has failed to show an "affirmative link" between the deprivation of Ms. Anderson's constitutional rights and Appellee's supervision of the Ward F-1 staff.

While Appellant has pointed to certain allegations of previous sexual assaults as well as Ms. Anderson's own behavioral difficulties, Appellant has not pointed to any specific evidence suggesting that these reports or information actually reached Appellee. The only evidence that Appellant has produced of Appellee's knowledge includes: 1) a report that Ms. Anderson was behaving in a sexually provocative manner, 2) a report of a previous complaint of sexual assault by another female inmate, and 3) the general fact that women patients were occasionally housed in Ward F-1 with male patients.

Appellant has produced no evidence to suggest that Appellee was aware of attempted or successful sexual assaults on Ms. Anderson in the past, or that he was apprized of legitimate threats of future attacks. In fact, the reports received by Appellee indicated misconduct on Ms. Anderson's part rather than potential threats to her safety. He responded to these reports with corrective and preventive action and was told that the situation had improved. While Appellant suggests that a factual issue exists as to whether Appellee actually received a report that Ms. Anderson's behavior had improved following the report of her sexually provocative behavior, this factual issue does not lead to a conclusion that Appellee knew that she faced a substantial threat of sexual assault.

While the Supreme Court in Farmer noted that "a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious," in that case there was actual evidence of a substantial risk from which a factfinder could reach such a conclusion. Farmer, 511 U.S. at 842. In this case, Appellant has not produced sufficient evidence, but rather she has relied upon her allegations alone.

Appellant has failed to meet the "heavy burden" of showing an "affirmative link" between the deprivation of Ms. Anderson's constitutional rights and Appellee's exercise of supervision or control. Absent a genuine issue of material fact suggesting a constitutional violation on the part of the Appellee, we need not

consider whether that right was clearly established.

After a thorough review of the briefs and the record and for substantially the same reasons set forth in the district court's well-reasoned March 6, 2002, Order, we hold the district court did not err in granting summary judgment to the Appellee with respect to the Eighth Amendment claim.

**AFFIRMED**.

Entered for the Court

Monroe G. McKay
Circuit Judge