**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 17, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

TEILL S. REYNOLDS,

     Plaintiff - Appellant,

v.

SHANE WRIGHT,

     Defendant - Appellee.

No. 15-3306
(D.C. No. 5:14-CV-03228-SAC-DJW)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **BACHARACH**, and **McHUGH**, Circuit Judges.
_____

Teill S. Reynolds, a pro se Kansas inmate, appeals the dismissal of his civil rights action charging police officer Shane Wright with false arrest/imprisonment, illegal search and seizure, and malicious prosecution.[1] Concluding that the former claims were time-barred and the latter failed to state a claim, the district court

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] These claims are predicated on dismissed charges that differ from those underlying Mr. Reynolds' present confinement. Mr. Reynolds has made no allegations suggesting that a favorable result here would implicate that confinement, and in any event, nothing in our disposition would invalidate it in violation of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

dismissed the case after Mr. Reynolds failed to cure his complaint's deficiencies. Exercising jurisdiction under 28 U.S.C. § 1291, we now affirm the dismissal of Mr. Reynolds' complaint for substantially the same reasons stated by the district court.

I

Mr. Reynolds filed this action on December 12, 2014, alleging that Officer Wright falsified an arrest warrant affidavit dated July 5, 2010.[2] In the arrest warrant affidavit, Officer Wright stated that a confidential informant (CI) reported to him that Mr. Reynolds was selling crack-cocaine and marijuana from a second floor apartment, where Mr. Reynolds lived with his girlfriend, Veronica Burton. The affidavit indicated that on June 18, 2010, the CI made two controlled buys of cocaine from Ms. Burton, who admitted to selling drugs for Mr. Reynolds. The affidavit also stated that when police subsequently searched the apartment, they recovered cocaine, marijuana, and drug paraphernalia.

Mr. Reynolds claimed Officer Wright falsely stated that drugs were found in the apartment. He also claimed that police illegally expanded the scope of the search to the entire apartment building, and that drugs were discovered elsewhere in the building, leading to his illegal arrest and confinement. Additionally, he claimed that Officer Wright stole money from his apartment during the search. And to substantiate these claims, Mr. Reynolds attached to a separate pleading various

---

[2] Mr. Reynolds also references a search warrant affidavit, although his claims seem to be premised primarily on the arrest warrant affidavit dated July 5, 2010, which he submitted to the district court.

documents, including Officer Wright's affidavit and a state-court order indicating that the charges stemming from this investigation were dismissed "per prosecutorial discretion," R., Vol. 1 at 29.

The district court, under its preliminary screening authority, *see* 28 U.S.C. § 1915A, construed the complaint to assert claims of false arrest or imprisonment, illegal search of the apartment and seizure of the money, and malicious prosecution based on false statements in the warrant affidavit. The court determined the claims of false arrest/imprisonment and illegal search and seizure were time-barred under the governing statute of limitations. The court concluded the alleged false statements in the warrant affidavit failed to state a claim for malicious prosecution. Thus, after directing Mr. Reynolds to file an amended complaint curing his claims' deficiencies, and finding his subsequent efforts to do so unsatisfactory, the court dismissed the complaint.

II

On appeal, Mr. Reynolds advances numerous arguments seeking to recover the money seized from his apartment. We decline to consider these arguments because they do not in any meaningful way address the district court's grounds for dismissal. *See Nixon v. City & Cty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) ("The first task of an appellant is to explain to us why the district court's decision was wrong."). Mr. Reynolds also proposes several new theories to toll the statute of limitations on his false arrest/imprisonment and illegal search and seizure claims. *See* Aplt. Br. at 42-49. But again, we decline to consider these new arguments because Mr. Reynolds

3

could have raised them in the district court but failed to do so. *See Tele-Commc'ns, Inc. v. Comm'r*, 104 F.3d 1229, 1233 (10th Cir. 1997) ("[W]e should not be considered a 'second-shot' forum . . . where secondary, back-up theories may be mounted for the first time."). Although we afford his pro se materials a liberal construction, we cannot "assume the role of [his] advocate." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Nevertheless, we have reviewed the district court's dismissal de novo and agree that Mr. Reynolds' complaint fails to provide "enough facts to state a claim to relief that is plausible on its face." *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009) (internal quotation marks omitted). First, the district court correctly determined that Mr. Reynolds' claims of false arrest/imprisonment and illegal search and seizure were time-barred under the governing two-year statute of limitations. *See* R., Vol. 1 at 60-61 (citing *Brown v. Unified Sch. Dist. 501*, 465 F.3d 1184, 1188 (10th Cir. 2006)). Indeed, where, as here, an action is brought under 42 U.S.C. § 1983, the limitations period is established by the forum state's statute of limitations for personal injury actions, which in Kansas is two years. *See Brown*, 465 F.3d at 1188. As the district court recognized, Mr. Reynolds' claims were untimely because they accrued when the police "actions actually occur[red] or when [Mr. Reynolds] first had knowledge of the actions." R., Vol. 1 at 61 (citing *Kripp v. Luton*, 466 F.3d 1171, 1175 (10th Cir. 2006)); *see Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 558 (10th Cir. 1999) ("Claims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have

4

accrued when the actions actually occur." (internal quotation marks omitted)).

Mr. Reynolds says police searched his apartment and arrested him on June 22, 2010, and within 24 hours he "inquired as to when he could have his cash and properties given to him." Aplt. Br. at 17.[3] Because Mr. Reynolds had contemporaneous knowledge of the police actions in June 2010, the statute of limitations expired two years later, well before he filed his complaint in December 2014. Therefore, the district court properly dismissed these claims as time-barred.

Second, the district court correctly determined that Mr. Reynolds failed to state a malicious prosecution claim. A malicious prosecution claim consists of the following elements: "'(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages.'" R., Vol. 1 at 62 (quoting *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008)). But as the district court concluded, Mr. Reynolds failed to plausibly allege the second and third elements.

Regarding the second element—whether the criminal action terminated in Mr. Reynolds' favor—the complaint is silent as to the disposition of Mr. Reynolds' charges. The only indication in the record is the state-court order reflecting that the charges were dismissed "per prosecutorial discretion." *Id.* at 29. This type of

---

[3] The complaint alleged the search occurred on a slightly different date, June 20, 2010, but the precise date—June 20 or June 22—is immaterial to our decision.

dismissal, sometimes known as a *nolle prosse*, can represent a favorable termination, although "[t]he plaintiff has the burden of proving a favorable termination," and "a bare nolle prosse without more is not indicative of innocence" to show a favorable termination, *Wilkins*, 528 F.3d at 803 (internal quotation marks omitted). Thus, as the district court explained, to determine whether a nolle prosse "'constitutes a favorable termination, we look to the stated reasons for the dismissal as well as to the circumstances surrounding it in an attempt to determine whether the dismissal indicates the accused's innocence.'" R., Vol. 1 at 62 (quoting *Wilkins*, 528 F.3d at 803). On this score, apart from the dismissal "per prosecutorial discretion," which provides no insight into Mr. Reynolds' guilt or innocence, the district court noted that Mr. Reynolds was sentenced in a different state-court matter on the same day these charges were dismissed. Given this information, we agree with the district court's conclusion that "at most [Mr. Reynolds] alleged a bare nolle prosse," which is insufficient to show the underlying action terminated in his favor. R., Vol. 1 at 63 (internal quotation marks omitted).

As for the third element of a malicious prosecution claim—no probable cause supporting the arrest, confinement, or prosecution—the district court considered whether the warrant affidavit was supported by probable cause, given Mr. Reynolds' claim that Officer Wright falsely stated that drugs were found in the second floor apartment. The court explained that "'[p]robable cause for an arrest warrant is established by demonstrating a substantial probability that a crime has been committed and that a specific individual committed the crime.'" *Id.* (quoting

6

*Wolford v. Lasater*, 78 F.3d 484, 489 (10th Cir. 1996)). But "[a]rrest warrant affiants violate the Fourth Amendment when they knowingly, or with reckless disregard for the truth, include false statements in the affidavit, or knowingly or recklessly omit from an arrest affidavit information which, if included, would have vitiated probable cause." *Bruner v. Baker*, 506 F.3d 1021, 1026 (10th Cir. 2007) (ellipsis, citation, and internal quotation marks omitted). "Where false statements have been included in an arrest warrant affidavit, the existence of probable cause is determined by setting aside the false information and reviewing the remaining contents of the affidavit." *Wolford*, 78 F.3d at 489.

Here, setting aside Officer Wright's statement that drugs were found in the second floor apartment and accepting as true Mr. Reynolds' allegation that the search should have been restricted to the second floor apartment, the affidavit still recites ample facts to show a substantial probability that Mr. Reynolds was engaged in illicit drug activity. The district court referenced the CI's two controlled drug buys at the apartment and Ms. Burton's admission that she sold drugs for Mr. Reynolds. The affidavit also states that prior to making the controlled drug buys, the CI reported to Officer Wright that Mr. Reynolds was selling drugs from the apartment. Additionally, the affidavit indicates that prior to the drug buys, police observed two people identified as Mr. Reynolds and Ms. Burton enter the apartment. Police then observed other individuals enter and leave the apartment after short periods of time, consistent with drug trafficking activity. All these facts are recited in the affidavit, demonstrating a substantial probability that Mr. Reynolds was engaged in selling

7

drugs. Thus, the affidavit was supported by probable cause, and Mr. Reynolds failed to allege facts that satisfy the third element of his malicious prosecution claim. Accordingly, the district court properly dismissed this claim as well.

## III

Having reviewed the record, Mr. Reynolds' appellate materials, and the relevant legal authorities, we affirm the district court's judgment for substantially the same reasons stated in the district court's preliminary screening order dated October 13, 2015, and its final order of dismissal dated December 1, 2015. We grant Mr. Reynolds' motion to reconsider our denial of his request to file an oversized brief, and we have accepted his 49-page brief filed on February 12, 2016. Finally, we deny his motion to proceed on appeal without prepayment of costs and fees because he fails to show a "reasoned, nonfrivolous argument on the law and facts." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). Mr. Reynolds is directed to remit the entire filing and docketing fee to the Clerk of the District Court.


Entered for the Court


Mary Beck Briscoe
Circuit Judge

8