**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 12, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CHARLES DANIEL EDEN,

    Plaintiff - Appellant,

v.

AARON WEBB; JOSEPH TRUMBULL;
AARON CROUSE,

    Defendants - Appellees.

No. 22-3064
(D.C. No. 5:21-CV-03266-SAC)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **McHUGH**, Circuit Judges.
_____

Plaintiff Charles Eden, a Kansas state prisoner proceeding pro se, appeals the

district court's order dismissing his complaint under 42 U.S.C. § 1983 as barred by

the statute of limitations. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

On November 15, 2021, Mr. Eden filed a § 1983 complaint in the United

States District Court for the District of Kansas against three Kansas police officers—

Defendants Aaron Webb, Joseph Trumbull, and Aaron Crouse—alleging that they

---

[*] After examining the brief and appellate record, this panel has determined
unanimously to honor the party's request for a decision on the briefs without oral
argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

violated his constitutional rights by using excessive force while arresting him on November 29, 2017. The applicable limitations period for Mr. Eden's claim was two years. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007) (the relevant statute of limitations for a § 1983 claim "is that which the State [in which the cause of action arose] provides for personal-injury torts"); Kan. Stat. Ann. § 60-513(a)(4) (providing a two-year limitations period for "[a]n action for injury to the rights of another, not arising on contract, and not herein enumerated"). But Mr. Eden did not file his complaint until nearly four years after his arrest.

The district court screened Mr. Eden's complaint under 28 U.S.C. § 1915A and ordered him to show cause why his action should not be dismissed as untimely. Mr. Eden responded that his claim did not accrue until November 20, 2019, when he received body-camera videos of his arrest. He asserted that it was only upon viewing the footage that he appreciated "the true nature of the events which injured [his] Constitutional Rights," which he "had not remembered due to being suffocated to the point of incoherance [sic] and memory loss." R., Vol. 1 at 73. In the alternative, Mr. Eden argued that his memory loss was a "legal disability" that would qualify for tolling under Kansas law. R., Vol. 1 at 76. The district court rejected Mr. Eden's accrual and tolling arguments and dismissed his complaint. We review the district court's decision de novo. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

We first address Mr. Eden's contention that his claim accrued in November 2019. "[T]he accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace*, 549 U.S. at 388. The general rule

2

is that accrual occurs "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Herrera v. City of Espanola*, 32 F.4th 980, 990 (10th Cir. 2022) (internal quotation marks omitted). "[I]t is not necessary that a claimant know all of the evidence ultimately relied on for the cause of action to accrue." *Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005) (internal quotation marks omitted). Also, we have held that "§ 1983 claims arising out of police actions toward a criminal suspect, such as arrest, . . . are presumed to have accrued when the actions actually occur." *Kripp v. Luton*, 466 F.3d 1171, 1175 (10th Cir. 2006) (internal quotation marks omitted).

On appeal Mr. Eden essentially argues for the application of a "discovery rule," which "delays accrual of a claim until the plaintiff knew or should have known the facts necessary to establish h[is] cause of action." *Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1216 (10th Cir. 2014). But even if a discovery rule applies, Mr. Eden still cannot show his claim is timely.

Mr. Eden alleged that the force used against him caused "delirium, brain damage, extreme pain, fear, including the fear of dying, loss of oxygen, back and neck pain, as well as posttraumatic stress disorder, and nightmares about police." R., Vol. 1 at 21 (capitalization omitted). And in an affidavit submitted with his complaint, he stated that he "suffers back and neck injuries from the crushing weight of the Officers upon him." R., Vol. 1 at 56. He further alleged that he had no memory of the "events that happened to [him]" until viewing the body-camera footage. R., Vol. 1 at 16. What is missing, however, is any statement regarding when he first

3

learned of his physical injuries. To be sure, he asserted in his response to the district court's show-cause order that he "could not have reasonably ascertained the injuries that he sustained" until viewing the body-camera footage, R., Vol. 1 at 75; but this is a conclusory assertion entitled to no weight absent an explanation of why he experienced, for example, no extreme pain and no back or neck pain in the nearly two years between his arrest and his watching the video.

Perhaps Mr. Eden is saying only that he did not know the cause of his injuries until he observed the video. But the Supreme Court "ha[s] been emphatic that the justification for a discovery rule does not extend beyond the injury." *Rotella v. Wood*, 528 U.S. 549, 555 (2000). The "discovery of the injury, not discovery of the other elements of a claim, is what starts the clock." *Id.* As then-Judge Gorsuch explained:

> In the absence of contrary directives from Congress, the Supreme Court has read into federal statutory limitations periods a relatively consistent rule. As formulated by the Court, the clock starts running when the plaintiff first knew or should have known of his injury, whether or not he realized the cause of his injury was unlawful.

*Almond v. Unified Sch. Dist. No. 501*, 665 F.3d 1174, 1176 (10th Cir. 2011). Mr. Eden has provided no adequate reason to depart from the presumption that his excessive-force claims accrued at the moment of arrest or at least shortly thereafter. *See Kripp*, 466 F.3d at 1175.

We also reject Mr. Eden's argument that he was entitled to statutory tolling that would render his claim timely. *See Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014) (questions of tolling are generally determined by state law in § 1983 actions). He invoked Kan. Stat. Ann. § 60-515(a), which allows a

person suffering from a legal disability—as relevant here, "an incapacitated person"—to bring an action "after the person's disability is removed." He argued that his memory loss constituted a legal disability and that this disability was removed only when he viewed the body-camera videos of his arrest. But the district court, applying the relevant statutory definition of *incapacitated person*,[1] correctly determined that Mr. Eden "offer[ed] no evidence that he was impaired to the degree that he could not manage his own affairs or was not capable of meeting his essential needs." R., Vol. 1 at 100; *see Biritz v. Williams*, 942 P.2d 25, 30 (Kan. 1997) ("[A] legal disability is defined as lacking the capacity to manage financial resources or meet essential requirements for one's physical health or safety.").

We **GRANT** Mr. Eden's motion to proceed *in forma pauperis* on appeal and remind him of his obligation to continue making partial payments until the entire

---

[1] Kan. Stat. Ann. § 77-201 provide**s**:
In the construction of the statutes of this state the following rules shall be observed . . . *Thirty-first*. "Incapacitated person" means an individual whose ability to receive and evaluate relevant information, or to effectively communicate decisions, or both, even with the use of assistive technologies or other supports, is impaired to the degree that the person lacks the capacity to manage the person's estate, or to meet essential needs for the person's physical health, safety or welfare, as defined in [Kan. Stat. Ann.] 59-3051, and amendments thereto, whether or not a guardian or a conservator has been appointed for that person.

filing fee has been paid. We **DENY** Mr. Eden's motion for appointment of counsel and **AFFIRM** the judgment of the district court.

Entered for the Court


Harris L Hartz
Circuit Judge